## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 22-cv-4160 |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW

The Internal Revenue Service ("Service" or "IRS") opposes Plaintiff Ryan LLC's Motion for *In Camera* Review of records responsive to its Freedom of Information Act ("FOIA") request because it proposes to burden the Court with actions that are either legally and practically premature or procedurally illogical in FOIA cases. The primary impetus for Plaintiff's Motion is its understanding that the Service will need about twelve years to process the records responsive to its FOIA request, but it turns out that the Service will release all responsive, non-exempt records to Plaintiff by the summer of 2026. Bossert Decl. ¶ 5.

In support of its opposition, the Service submits the attached Declaration of Nikki Bossert, IRS Senior Technician Reviewer.[1]

_____

[1] Although the Service's assertion of exemptions is not currently before the Court in this briefing, Ms. Bossert's Declaration provides clarification regarding alleged inconsistencies in the Service's past redactions. Bossert Decl. ¶¶ 7-14.

1

18211202.1

**A.    The Service will complete its release all responsive, non-exempt records to Plaintiff by approximately Summer 2026.**

Plaintiff correctly states that over 70,000 pages remain to be processed in response to its FOIA request.  Pl.'s Mot. 3.  However, as explained by Ms. Bossert, the Service has determined that 66,187 of those pages will be released in full.  Bossert Decl. ¶ 5(g).  Because these pages will not undergo the Service's usual review and redaction process, they can be released much more quickly.  *Id.*  Thus, rather than taking twelve years, as estimated by Plaintiff, the Service's release of all responsive, non-exempt records will be completed in less than two years.

**B.    *In camera* review of the exempt records is premature and unwarranted at this point in the litigation.**

Plaintiff misunderstands the timing and the role *in camera* review plays in FOIA cases. When courts do find *in camera* review necessary, they use it to supplement other forms of agency documentation, such as affidavits, usually in the context of summary judgment.  *See Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 997 (D.D.C. 1998) (emphasizing, in the context of summary judgment, that "a district court should not undertake *in camera* review of withheld documents as a substitute for requiring an agency's explanation of its claimed exemptions in accordance with *Vaughn).* "[W]hen the agency meets its burden [under FOIA] by means of affidavits, *in camera* review is neither necessary nor appropriate."  *Hall & Assocs. v. E.P.A.*, 846 F. Supp. 2d 231, 246 (D.D.C. 2012) (quoting *Weissman v. CIA,* 565 F.2d 692, 696-97 (D.C. Cir. 1977); *see also Gahagan v. U.S. Citizenship & Immigration Servs.*, 111 F. Supp. 3d 754, 761 (E.D. La. 2015) (finding in camera review unnecessary "given the detailed nature of the [*Vaughn*] index provided").

In some cases, *in camera* review may be appropriate where the agency's affidavits are insufficiently detailed to allow the Court to engage in a meaningful review of the FOIA exemptions claimed and where there is evidence of bad faith.  *Lam Lek Chong v. DEA*, 929 F.2d 729, 735

18211202.1

(D.C. Cir. 1991); *Batton v. Evers*, 598 F.3d 169, 180 (5th Cir. 2010) (portraying *in camera* review as a potential alternative to a *Vaughn* index to supplement an agency's affidavits).  But even then, if a court finds an agency's *Vaughn* indices or declarations inadequate in some respect, the proper remedy is to give the agency the opportunity to amend them.  *See, e.g.*, *Public Citizen v. U.S. Dept. of Health & Human Servs.,* 975 F. Supp. 2d 81, 109-10 (D.D.C. 2013) ("The Court will give the defendant and defendant-intervenors the opportunity to supplement their declarations and/or *Vaughn* indices to sustain their burden of showing the commercial nature of these documents or, alternatively, to release them."); *COMPTEL v. F.C.C.*, 910 F. Supp. 2d 100, 108 (D.D.C. 2012) ("The FCC is directed to file an amended declaration and *Vaughn* index to address the issues identified in this Opinion.").

Courts opt to conduct *in camera* review after summary judgment motion briefing under some circumstances, *see* U.S.C. § 552(a)(4)(B), but it is generally the exception, not the rule. "[C]ourts disfavor *in camera* inspection" except in "the exceptional case."  *Elec. Privacy Info. Ctr. v. DHS*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005).  When determining whether *in camera* review is necessary in any particular case, courts often consider the following factors: "(1) judicial economy, (2) the conclusory nature of the agency affidavits, (3) possible bad faith on the part of the agency, (4) whether the agency proposes *in camera* review, (5) disputes concerning the content of the document, and (6) the strong public interest in disclosure."  *Elgabrowny v. Cent. Intelligence Agency*, 613 F. Supp. 3d 170, (citing *Allen v. Cent. Intelligence Agency*, 636 F.2d 1287, 1293 (D.C. Cir. 1980), *abrogated on other grounds by Founding Church of Scientology of Washington, D.C., Inc. v. Smith*, 721 F. 2d 828, 831-32 (D.C. Cir. 1983)).  Taken together, these factors weigh heavily against *in camera* review at this time.

18211202.1

The *Allen* factors related to judicial economy and agency affidavits are particularly relevant here. Because *in camera* review "requires effort and resources," courts "should not resort to it routinely on the theory that 'it can't hurt.'" *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978). Considering that the parties should be ready to brief dispositive motions in this case in the latter half of 2026, *in camera* review conducted now may need to be conducted again next year. Holding review of the FOIA exemptions in this case until the Court can evaluate all applications of these exemptions at the same time will be much more efficient, for both the Court and the parties themselves.

After the Service has submitted summary judgment briefing, affidavits, and a full *Vaughn* index supporting its assertion of any and all exemptions from disclosure, including Exemption (b)(5), and Plaintiff has filed any opposing briefing, the Court can evaluate whether the Service has provided sufficient information for the Court to evaluate the exemption. Until then, *in camera* review of the Service's records would be unnecessary and unproductive.

**C.    The other forms of interim review proposed by Plaintiff are also either impractical, procedurally improper, or otherwise inappropriate at this point in the litigation.**

In addition to seeking *in camera* review, Plaintiff has proposed two alternative methods for review of the Service's records prior to the release of all responsive records. Neither method is workable in this case.

First, Plaintiff suggests that the parties brief a motion for partial summary judgment regarding the Service's assertion of Exemption (b)(5). Pl.'s Mot. 2. Like *in camera* review, this proposal is inappropriate, and for many of the same reasons. It is impractical to file partial motions for summary judgment before an agency finishes reviewing records for responsiveness and for exemptions from disclosure. Agencies, including the Service, may learn facts and nuances in their review of records located toward the end that may impact whether to withhold or release records

4

or portions of records.  Sometimes, agencies' reviews of records in later batches might reveal facts leading them to reconsider withholding certain records and lead them to release some of them.  *See eg.*, Bossert Decl. ¶¶ 9(c)-(d), 14 (explaining that the Service's review of potentially responsive records later in time and in location in the collection of records led to deciding to release records or portions of records the IRS had previously withheld).  If the parties brief partial summary judgment now, they may be required to brief summary judgment again in 2026.  Two rounds of summary judgment briefing, within roughly a year of each other, would be an inefficient use of this Court's and the parties' resources.

Second, Plaintiff suggests that Plaintiff should be permitted to "submit interim administrative appeals challenging the redactions."  Pl.'s Mot. 8, 16-18.  This proposal critically misconstrues the role of *administrative* appeals in FOIA processing.

Plaintiff correctly states that the Service's denial of a FOIA request may be administratively appealed to the Service.  But the appeal process is intended to take place before filing a FOIA suit, as a FOIA requester *must* exhaust their administrative remedies *before* bringing suit in federal court.  *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing *McKart v. United States*, 395 U.S. 185, 194, (1969)).  A requestor may exhaust their administrative remedies either "actually" or "constructively."  *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 192 (D.D.C. 2012).  If the requestor receives an adverse determination from the Service, "actual" exhaustion applies: the requestor is required to "utilize the administrative appeals process" before bringing suit.  *Id.* (quoting *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003)).  This type of administrative review serves a vital purpose by giving agencies "an opportunity to exercise [their] discretion and expertise on the matter" and "to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review."  *Oglesby,* 920 F.2d at 61.

18211202.1

But if an agency fails to provide the requestor with a final determination by the statutory response deadline, the requestor is considered to have "constructively" exhausted its administrative remedies and may immediately file suit in federal court. *Judicial Watch*, 888 F. Supp. 2d at 192. This is precisely the type of exhaustion that Plaintiff resorted to here. When the Service concluded that it would not be able to respond to Plaintiff's FOIA request by the statutory response date, it informed Plaintiff that it had the right to file suit in federal court. Compl. ¶¶ 10, 20. Plaintiff did just that.

Once a requestor files a case in federal court, as Plaintiff did, administrative appeals are no longer relevant. This Court now has jurisdiction to make decisions in this case without consulting the Service's administrative appeals process. Contrary to Plaintiff's assertion, the Service does not expect Plaintiff to "wait until the Request is completed in order to receive a final production letter entitling [Plaintiff] to administratively appeal the Agency's redactions and then subsequently challenge the redactions in Court." *See* Pl's Mot. 8-9. Because Plaintiff properly (constructively) exhausted its administrative remedies, it is procedurally illogical to consider administrative appeals in this FOIA suit.

## CONCLUSION

Once the Service completes its review of potentially responsive records and releases all responsive, non-exempt records to Plaintiff in summer 2026, the exemptions from disclosure the Service applies will be ripe for summary judgment briefing soon after. In the meantime, *in camera* review, partial summary judgment, and/or an illogical administrative appeal process would needlessly consume judicial resources and duplicate some of its adjudications. Procedurally and practically, the Service should complete processing its records and the parties should brief summary judgment before asking this Court to adjudicate the Service's FOIA exemptions from

18211202.1

disclosure.  Thus, the Service asks the Court to deny Plaintiff's motion.

Dated:  January 10, 2025

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Anna A. Miller
ANNA A. MILLER
*Attorney-in-Charge*
D.C. Bar no. 252760
Southern District no: *pro hac vice*
(request submitted)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel: (202) 514-6068
Fax: (202) 514-6866
Anna.A.Miller@usdoj.gov

7

18211202.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2025, I electronically filed the foregoing Notice of

Appearance with the Clerk of the Court using the CM/ECF system.

/s/ Anna A. Miller
ANNA A. MILLER
Trial Attorney, Tax Division
U.S. Department of Justice

18211202.1