UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN LLC, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-04160 |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
|    *Defendant*. | § | |

# **ORDER**

On May 12, 2025, the Court conducted an in camera review of documents produced by Defendant Internal Revenue Service ("IRS").[1] The Court reviewed the twenty-six (26) pages of documents the IRS submitted pursuant to the Court's Order granting in camera review. ECF 40. The IRS also submitted the declaration of IRS Senior Technician Reviewer Nikki Bossert. ECF 50-1.

The IRS claims that it has properly withheld documents and records pursuant to 5 U.S.C. § 552(b)(5). Within that exemption, the IRS asserts the deliberative process privilege and the attorney client privilege. The deliberative process privilege covers "documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which government decisions and policies are formulated." *Reps. Comm. for Freedom of the Press v. Fed. Bureau of*

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 37.

*Investigation*, 3 F.4th 350, 361 (D.C. Cir. 2021). The deliberate process privilege requires the documents be predecisional and deliberative. *Id.* at 362. "A document is predecisional if it was generated before the agency's final decision on the matter." *Id.* A document is deliberative "when it is prepared to help the agency formulate its position and reflects the give-and-take of the consultative process." *Id.* (internal citations omitted). Plaintiff argues that the IRS's use of the § 552(b)(5) exemption is overbroad and unjustified.

After review of the 26 documents identified in the Bossert Declaration, the Court makes the following rulings:

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 1, Document ID IRS-INT-00143229, Bates No. RYA 0022-000503.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 2, Document ID IRS-INT-00143238, Bates No. RYA 0022-000508.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 3, Document ID IRS-INT-00143250, Bates No. RYA 0022-000530.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 4, Document ID IRS-INT-00143251, Bates No. RYA 0022-000531.

- The claim of exemption under § 552(b)(5) is improper with respect to Page 5, Document ID IRS-INT-00143271, Bates No. RYA 0022-000537. The IRS has not demonstrated that this document reflects the deliberative process.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 6, Document ID IRS-INT-00143273, Bates No. RYA 0022-000539.

- The Court need not rule with respect to Page 7, Document ID IRS-INT-00143323, Bates No. RYA 0022-000547 because the IRS has released the document in full to Plaintiff.

- The claim of exemption under § 552(b)(5) is improper with respect to Page 8, Document ID IRS-INT-00143328, Bates No. RYA 0022-000552. The IRS has not demonstrated that this document reflects the deliberative process.[2]

- The claim of exemption under § 552(b)(5) is improper with respect to Page 9, Document ID IRS-INT-00143333, Bates No. RYA 0022-000503.  The IRS has not shown that this document is the result of the deliberative process.[3]

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 10, Document ID IRS-INT-00143335, Bates No. RYA 0022-000554.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 11 Document ID IRS-INT-00143347, Bates No. RYA 0022-000562.

- Page 12, Document ID IRS-INT-00143393, Bates No. RYA 0022-000625 was produced in error and is non-responsive to Plaintiff's FOIA request.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 13, Document ID IRS-INT-00143403, Bates No. RYA 0022-000631.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 14–16, Document ID IRS-INT-00143415, Bates No. RYA 0022-000636-000638.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 17, Document ID IRS-INT-00143416, Bates No. RYA 0022-000639.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 18, Document ID IRS-INT-00143417, Bates No. RYA 0022-000642.

---

[2] The Bossert Declaration describes Bates No. RYA 0022-000549, but incorrectly identifies the document on page 8 as Bates No. RYA 0022-000552.

[3] The Bossert Declaration describes Bates No. RYA 0022-000552, but incorrectly identifies the document on page 9 as Bates No. RYA 0022-000503.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 19, Document ID IRS-INT-00143429, Bates No. RYA 0022-000652.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 20, Document ID IRS-INT-00143431, Bates No. RYA 0022-000656.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 21, Document ID IRS-INT-00143536, Bates No. RYA 0022-000666.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 22, Document ID IRS-INT-00143541, Bates No. RYA 0022-000700.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 23, Document ID IRS-INT-00143565, Bates No. RYA 0022-000701.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 24, Document ID IRS-INT-00143566, Bates No. RYA 0022-000704.[4]

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 25, Document ID IRS-INT-00143590, Bates No. RYA 0022-000827.

- The IRS has properly claimed an exemption under § 552(b)(5) with respect to Page 26, Document ID IRS-INT-00143621, Bates No. RYA 0022-000845.

The IRS has submitted an appropriately descriptive declaration with documents where the redactions match the justifications provided demonstrating why each document falls within the claimed exemption. It is therefore

ORDERED that, except as noted above, the Court finds that the IRS has properly applied § 552(b)(5) in this matter.

---

[4] The Bossert Declaration describes Bates No. RYA 0022-000704, but incorrectly identifies the document on page 9 as Bates No. RYA 0022-000554.

Signed on May 12, 2025, at Houston, Texas.

                                                Christina A. Bryan
                                      United States Magistrate Judge